IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

C. KAUI JOCHANAN AMSTERDAM,    )    CIVIL 15-00338 LEK-BMK
                              )
          Plaintiff,           )
                              )
     vs.                       )
                              )
STATE OF HAWAII, OFFICE OF     )
THE GOVERNOR, GOVERNOR DAVID   )
IGE, BOARD CHAIRMAN OF TMT     )
OBSERVATORY CORP., CHAIRMAN    )
HENRY YANG, ASSOCIATED STATE   )
AGENCIES, BOARD OF LAND AND    )
NATURAL RESOURCES, STATE OF    )
HAWAII, DEPARTMENT OF LAND     )
AND NATURAL RESOURCES, STATE   )
OF HAWAII, SUZANNE CASE, IN    )
HER OFFICIAL CAPACITY AS       )
CHAIR OF THE BOARD OF LAND     )
AND NATURAL RESOURCES AND      )
DIRECTOR OF THE DEPARTMENT OF  )
LAND AND NATURAL RESOURCES,    )
THE UNIVERSITY OF HAWAII AT    )
HILO AND MANOA,                )
REPRESENTATIVES OF THE         )
NATIONS OF CHINA, INDIA,       )
JAPAN, CANADA, AND THE UNITED  )
STATES INVOLVED IN THE TMT     )
PROJECT, ALL REPRESENTATIVES   )
AS INDIVIDUALS AND IN THEIR    )
OFFICIAL CAPACITY,             )
                              )
          Defendants.          )
_____ )

**ORDER: (1) GRANTING DEFENDANT GOVERNOR DAVID IGE'S MOTION TO DISMISS COMPLAINT FILED AUGUST 24, 2015; (2) GRANTING DEFENDANT SUZANNE CASE IN HER OFFICIAL CAPACITY AS CHAIR OF THE BOARD OF LAND AND NATURAL RESOURCES JOINDER IN DEFENDANT GOVERNOR DAVID IGE'S MOTION TO DISMISS COMPLAINT FILED AUGUST 24, 2015; AND (3) GRANTING DEFENDANTS UNIVERSITY OF HAWAII AT HILO AND UNIVERSITY OF HAWAII AT MANOA'S MOTION TO DISMISS PLAINTIFF'S "COMPLAINT REGARDING THE THIRTY METER TELESCOPE ATOP THE SACRED VOLCANIC MOUNTAIN OF MAUNA KEA," FILED ON AUGUST 24, 2015**

On September 9, 2015, Defendant Governor David Ige, in his official capacity ("the Governor"), filed a Motion to Dismiss Complaint Filed August 24, 2015 ("the Governor's Motion"). [Dkt. no. 15.] On September 17, 2015, Defendants University of Hawai`i at Hilo and University of Hawai`i at Manoa ("the University") filed a Motion to Dismiss Plaintiff's "Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea," Filed on August 24, 2015 ("the University's Motion"). [Dkt. no. 18.] On September 25, 2015, Defendant Suzanne Case in her official capacity as Chair of the Board of Land and Natural Resources ("Chairperson Case") filed a joinder in the Governor's Motion ("Joinder"). [Dkt. no. 29.] Pro se Plaintiff C. Kaui Jochanan Amsterdam did not respond to either motion.

In an Entering Order filed on November 10, 2015, the Court vacated the hearing on the motions and the Joinder, originally scheduled for November 23, 2015 at 10:30 a.m. [Dkt. no. 36.] After careful consideration of the motions and the Joinder, as well as the relevant legal authority, the Joinder, the Governor's Motion, and the University's Motion are all GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff is "a Native Hawaiian or Kanaka Maoli Beneficiary of the Native Hawaiian Trust Fund established by the Hawaii Admission Act of 1959 [("Admission Act"), Pub. L. No. 86-3, 73 Stat. 4]," the "former Prime Minister of the Interim Government of the Kingdom of Hawaii," and a "Member of the Neighborhood Board #10," where he represents areas including the Papakolea Homestead Community. [Plaintiff's Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea Filed on August 24, 2015 ("Complaint"), filed 8/24/15 (dkt. no. 1), at 2.] Plaintiff alleges that the Thirty Meter Telescope Project ("TMT") and "subsequent restrictive and prohibitive treatment and arrests of Native Hawaiians" who participated in protests of the project violate "the State of Hawaii's responsibilities as mandated by the Hawaii Admission Act of 1959, the Constitution of the State of Hawaii, and Congressional acts of the United States Congress." [Id. at 3.] He requests that the Court enjoin the defendants from further "advancing the TMT." [Id.]

Plaintiff states that the Admission Act requires the state to administer "the public trust" for the benefit of Native Hawaiians, as laid out in the Hawaiian Homes Commission Act of 1920 ("HHCA"), Pub. L. No. 67-34, 42 Stat. 108. [Id. at 4.] Moreover, "Mauna Kea is greatly important and sacred in terms of

3

values, traditions, and culture of native Hawaiians," and
restricting "access to the upper part of Mauna Kea" violates the
state's responsibilities under the Admission Act and the HHCA.
[Id.]  Plaintiff contends that the TMT is "like putting a very
large inconspicuous telescope in the courtyard of the Western
Wall in Jerusalem or in a church or synagogue." [Id. at 5.]  The
TMT "desecrates hundreds of burial sites" and restrictions on
access violates "Native Hawaiian's Rights and Defendant's
mandated obligation to protect and preserve such Native Hawaiian
Rights." [Id.]

        Next, Plaintiff argues that "the State and its
Agencies" have violated article XII, section 7 of the Hawai`i
State Constitution, which "obligates the State and its Agencies
to protect and preserve such Native Hawaiian Rights." [Id. at
6.]  They violated article XII, section 7 by, inter alia, failing
to sufficiently investigate the impact of the TMT on Native
Hawaiian rights. [Id. at 6-7.]

        The Complaint asserts that a series of acts passed by
the United States Congress create a "special political
relationship" which requires the United States "to protect and
preserve the traditional and customary practices of Native
Hawaiians." [Id. at 8.]  The cited statutes include:  the Native
Hawaiian Education Act of 1994, Pub. L. 89-10, 115 Stat. 1932;
the American Indian Religious Freedom Act of 1978, 42 U.S.C.

4

§ 1996; the National Museum of the American Indian Act, Pub. L.
101-185, 103 Stat. 1336; the Native American Graves Protection
and Repatriation Act, Pub. L. 101-601, 104 Stat. 3048; the
National Historical Preservation Act, Pub. L. 89-665, 80 Stat.
915; the Native American Languages Act of 1990, Pub. L. 101-477,
104 Stat. 1152; and the American Indian, Alaska Native, and
Native Hawaiian Culture and Art Development Act, 20 U.S.C.
§§ 4401-4402.  [Id. at 8-9.]  The fact that many of these acts
are focused on or include Native Hawaiians "provide Native
Hawaiians a unique impact or priority of exercising their Rights
and being able to overcome claims by others that their right of
Equal Protection or being given priority is being violated."
[Id. at 10.]

          Finally, Plaintiff argues that – given (1) the
inclusion of Native Hawaiians in the aforementioned acts of
Congress; (2) 42 U.S.C. § 1983; and (3) the Admission Act –
federal courts have jurisdiction to consider the "Breach of Trust
and a Violation of Hawaii State and U.S. Federal Mandated
Obligations."  [Id. at 10-11.]  Moreover, Plaintiff states that
Eleventh Amendment sovereign immunity was waived when Congress
passed Title IX, 20 U.S.C. §§ 1681-1688 ("Title IX").  [Id. at
11.]  Plaintiff seeks relief from injuries allegedly caused by
the TMT, including:  "being prohibited from accessing" certain
areas on Mauna Kea; the exclusion of the Kingdom of Hawaii from

the TMT; the "desecration" of Mauna Kea; and the "irreversible damage" to Mauna Kea that will result from debris.  [Id. at 12-13.]

The Governor's Motion argues that Plaintiff does not have standing, and that the Complaint should be dismissed for failure to state a claim.  [Mem. in Supp. of the Governor's Motion at 4-5.]  Moreover, the Governor asserts that "the complaint should be dismissed with prejudice as to all state related defendants except [the Governor] and [Chairperson Case]." [Id. at 5-6 (emphasis omitted).]

The University argues that:  the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a); [Mem. in Supp. of the University's Motion at 1;] the suit against the University is barred by the Eleventh Amendment of the United States Constitution; [id. at 7-9;] this Court does not have jurisdiction over the case because there is no federal question jurisdiction and the parties are not diverse; [id. at 9-11;] Plaintiff cannot bring a claim under § 5(f) of the Admission Act; [id. at 11-15;] this Court cannot hear Plaintiff's claim under the Hawai`i State Constitution; [id. at 15-17;] Plaintiff cannot bring a claim for breach of trust against the federal government; [id. at 18-21;] and Plaintiff does not sufficiently state a claim under the Free Exercise Clause of the First Amendment [id. at 22-29].

## DISCUSSION

Plaintiff is proceeding pro se, and the Court therefore has "an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt." See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), *overruled on other grounds by* Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012).

## I.   Timeliness of the Joinder

Fed. R. Civ. P. 20 governs the permissive joinder of parties, and states, in relevant part:

> (2)  **Defendants.**  Persons – as well as a vessel, cargo, or other property subject to admiralty process in rem – may be joined in one action as defendants if:
>
> > (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B)  any question of law or fact common to all defendants will arise in the action.

Local Rule 7.9 of the Local Rules of Practice for the United States District Court for the District of Hawai`i ("Local Rules") states, in relevant part:

> Except with leave of court based on good cause, any substantive joinder in a motion or opposition must be filed and served within seven (7) days of the filing of the motion or opposition joined in. "Substantive joinder" means a joinder based on a memorandum supplementing the motion or opposition joined in.  If a party seeks the same relief

7

> sought by the movant for himself, herself, or
> itself, the joinder shall clearly state that it
> seeks such relief so that it is clear that the
> joinder does not simply seek relief for the
> original movant.  A joinder of simple agreement
> may be filed at any time.

The Governor's Motion was filed on August 24, 2015.
[Dkt. no. 15.]  Chairperson Case did not file the Joinder until
September 25, 2015.  [Dkt. no. 29.]  The Joinder states, "Suzanne
Case, in her official capacity, joins in the above titled motion.
This is a substantive joinder to the extent authorized by
applicable rules.  Ms. Case was only recently served and could
not join prior to now."  [Joinder at 2.]  The Court notes that
Chairperson Case was served on September 22, 2015, [dkt. no. 27,]
and that the Joinder was filed within three days of service.
However, it was not filed within seven days of filing of the
Governor's Motion, and Chairperson Case did not request leave of
court to file the Joinder.  Further, while Chairperson Case
states that it is a "substantive joinder," she did not file a
"memorandum supplementing the motion" she seeks to join.  See
Local Rule LR7.9.  Therefore, the Court construes Chairperson
Cases's Joinder as a joinder of simple agreement.  See, e.g., KE
Kailani Partners, LLC v. KE Kailani Dev., LLC, Civil No. 13-00347
LEK-BMK, 2013 WL 5773118, at *3 (D. Hawai`i Oct. 24, 2013) ("As
an initial matter, the Court notes that AOAO did not file the
Joinder within seven days of the filing of the Motion.  Thus, the
Court construes AOAO's Joinder as a joinder of simple

8

agreement.").

## II. <u>Standing</u>

"A litigant must have both constitutional standing and prudential standing for a federal court to exercise jurisdiction over the case." <u>Deutsche Bank Nat'l Trust Co. v. Williams</u>, Civil No. 11-00632 JMS/RLP, 2012 WL 1081174, at *2 (D. Hawai`i Mar. 29, 2012) (citing <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 11 (2004)).  Article III, Section I of the United States Constitution limits federal jurisdiction to cases and controversies.  <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 559 (1992); <u>see also</u> <u>DeShaw v. Bank of Am., N.A.</u>, Civ. No. 15-00118 ACK-BMK, 2015 WL 5598321, at *4 (D. Hawai`i Sept. 22, 2015).  "The plaintiff has the burden of establishing standing based on the complaint." <u>DeShaw</u>, 2015 WL 5598321, at *4 (some citations omitted) (citing <u>Raines v. Byrd</u>, 521 U.S. 811, 818 (1997)).  This Court has stated that Article III standing requires a plaintiff to establish "'injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury.'" <u>Brewer Envtl. Indus., LLC v. Matson Terminals, Inc.</u>, Civil No. 10-00221 LEK-KSC, 2011 WL 1637323, at *5 (D. Hawai`i Apr. 28, 2011) (quoting <u>Lopez v. Candaele</u>, 630 F.3d 775, 785 (9th Cir. 2010)).  An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>,

528 U.S. 167, 180 (2000) (citation omitted).

"In comparison, 'prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights.'" <u>Deutsche Bank</u>, 2012 WL 1081174, at *2 (citing <u>Elk Grove</u>, 542 U.S. at 11).  This general prohibition on raising another litigant's rights has not been treated as "absolute," and courts have recognized "that there may be circumstances where it is necessary to grant a third party standing to assert the rights of another."  <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 129-30 (2004).  However, "we have limited this exception by requiring that a party seeking third-party standing make two additional showings": (1) "we have asked whether the party asserting the right has a close relationship with the person who possesses the right"; and (2) "we have considered whether there is a hindrance to the possessor's ability to protect his own interests."  <u>Id.</u> (internal citations and quotation marks omitted).

The issue of standing was not addressed by the parties, but this district court has stated:

> "[W]hether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." <u>D'Lil v. Best W. Encina Lodge & Suites</u>, 538 F.3d 1031, 1035 (9th Cir. 2008) (quotation marks, citation, and alterations omitted).  This court therefore has "both the power and the duty" to examine the [Plaintiffs'] standing.  <u>Id.</u>; <u>Bernhardt v. Cnty. of Los Angeles</u>, 279 F.3d 862, 868 (9th Cir. 2002).

<u>Amsterdam v. Abercrombie</u>, Civil No. 13-00649 SOM-KSC, 2013 WL

6198183, at *1 (D. Hawai`i Nov. 26, 2013) (emphasis and some alterations in Amsterdam).  Even construing the Complaint liberally, it is clear to the Court that Plaintiff lacks standing to bring the instant suit.  He states that Mauna Kea is sacred, that the TMT "desecrates the sacred summit," and that restricting access to Mauna Kea violates various state and federal statutes. [Complaint at 4-5.]  Plaintiff, however, does not state that he has ever been to Mauna Kea, how often he travels there, or that he has any concrete plans to go there in the future.  Further, he states concern for debris from the TMT only because other telescopes "have left much debris scattered about like the debris left in outer space through space exploration."  [Id. at 5.]  The injuries, as set forth in the Complaint, are neither "concrete and particularized" nor "actual or imminent."  See Friends of the Earth, 528 U.S. at 180.  Further, to the extent that Plaintiff brings the instant Complaint on behalf of other Native Hawaiians, he has not established that he meets the requirements for third-party standing.

     The Court FINDS that Plaintiff lacks standing and CONCLUDES that the Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Although this ruling is sufficient grounds to grant the motions and the Joinder, for the sake of completeness, this Court will address some of the other issues raised by the parties.

11

## III. **Eleventh Amendment**

The Eleventh Amendment to the United States Constitution states, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  It is well-established that "the Eleventh Amendment bars plaintiffs from bringing state law claims against state officials in federal court."  See, e.g., Han v. Dep't of Justice, 824 F. Supp. 1480, 1488 (D. Hawai`i 1993) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106, 104 S. Ct. 900, 911, 79 L. Ed. 2d. 67 (1984)).  Additionally, this district court has stated that "Eleventh Amendment Immunity applies to claims brought against a state in federal court unless the state unequivocally consents or Congress unequivocally abrogates the immunity under its Fourteenth Amendment authority." Motoyama v. Haw., Dep't of Transp., 864 F. Supp. 2d 965, 987 (D. Hawai`i 2012) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S. Ct. 900, 79 L. Ed. 2d 67).  "'[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'"  Id. (alteration in original) (citing Pennhurst 465 U.S. at 101, 104 S. Ct. 900).

12

The Eleventh Amendment does not bar all suits against state officials, as, "[u]nder the doctrine established in Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar a suit 'for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law.'" Oyama v. Univ. of Haw., Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, at *7 (D. Hawai`i Apr. 23, 2013) (quoting Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005), abrogated on other grounds by Levin v. Commerce Energy Inc., 560 U.S. 413 (2010)).

Plaintiff argues that "Congress unequivocally expressed its intent to abrogate immunity, and Congress had authority to adopt Title IX pursuant to enforcement provisions of the Fourteenth Amendment." [Complaint at 11.]  Insofar as Plaintiff claims that passing Title IX acted as a general waiver of the Eleventh Amendment, he is incorrect.  Congress has abrogated the Eleventh Amendment only for suits brought pursuant to specific statutes.[1]  See, e.g., 42 U.S.C. § 2000d-7(a)(1) ("A state shall

---

[1] Plaintiff cites two cases to support his claim, [Complaint at 11,] but both cases conclude that Congress abrogated a state's Eleventh Amendment immunity, not in general terms, but for cases brought pursuant to specific statutes.  In Franks v. Kentucky School for the Deaf, the district court found that "Congress properly abrogated the States' Eleventh Amendment immunity, and the School is subject to Plaintiff's Title IX claim."  956 F. Supp. 741, 751 (E.D. Ky. Dec. 27, 1996).  In Clark v. California, the Ninth Circuit held that "Congress has unequivocally expressed its intent to abrogate the State's immunity under both the
(continued...)

not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title IX of the Education Amendments of 1972."). Moreover, it is clear to the Court that the instant case is not brought pursuant to Title IX, and any waiver of the Eleventh Amendment that would be relevant to a Title IX claim is inapplicable here.[2]

The Complaint alleges a violation of the Hawai`i State Constitution, specifically article XII, section 7. [Complaint at 2, 3, 6, 7.] Further, the caption of the Complaint includes, *inter alia*: the State of Hawai`i; the Governor; "associated state agencies" including the Board of Land and Natural Resources and the Department of Land and Natural Resources, Chairperson Case, and the University. The caption represents that the suit is against "all representatives as individuals and in their official capacity." Plaintiff has not shown that any of the statutes mentioned in the Complaint waive the State of Hawaii's Eleventh Amendment immunity.

---

[1](...continued)
[Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*] and the Rehabilitation Act [of 1973, 29 U.S.C. § 701 *et seq.*]." 123 F.3d 1267, 1269 (9th Cir. 1997).

[2] Title IX states, in relevant part, "No person in the United States, shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Plaintiff has not asserted any type of discrimination based on sex.

14

Insofar as Plaintiff brings a claim pursuant to article XII, section 7 of the Hawai`i State Constitution, it is barred by the Eleventh Amendment.  Plaintiff's claims against the State of Hawai`i, associated state agencies, the Board of Land and Natural Resources, and the Department of Land and Natural Resources are also barred by the Eleventh Amendment.  Finally, the University "is an agency of the State and entitled to Eleventh Amendment immunity."  See Oyama, 2013 WL 1767710, at *6 (citing Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1221 (D. Haw. 2001), *aff'd*, 85 F. App'x 631 (9th Cir. 2004)).

## IV.  Summary and Application

Plaintiff raises serious and complex issues, and this Court does not doubt Plaintiff's sincerity.  That does not, however, alter the rules to which this Court is bound.  The Court FINDS that Plaintiff does not have standing to bring the instant case.  Further, this Court FINDS that, even assuming, *arguendo*, that Plaintiff can amend his Complaint to allege that he has standing, the amendment of his Hawai`i State Constitution claim, as well as his claims against the State of Hawai`i, associated state agencies, the Department of Land and Natural Resources, the Board of Land and Natural Resources, and the University would be futile because those claims are barred by the Eleventh Amendment. Those claims are therefore DISMISSED WITH PREJUDICE.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court

should not dismiss a pro se complaint without leave to amend
unless it is absolutely clear that the deficiencies of the
complaint could not be cured by amendment." (citation and
internal quotation marks omitted)).

Plaintiff's claims against the Governor are DISMISSED
for lack of standing.  Insofar as Chairperson Case states that
she agrees with the Governor's Motion, the Joinder is HEREBY
GRANTED and Plaintiff's claims against Chairperson Case are also
DISMISSED.  The dismissal for lack of standing as to Plaintiff's
claims against the Governor and Chairperson Case are WITHOUT
PREJUDICE.  It is arguably possible that Plaintiff could amend
his Complaint to state a claim against the the Governor and
Chairperson Case over which this Court has jurisdiction.
Plaintiff must show an injury in fact, and he must allege claims
that are not barred by the Eleventh Amendment.  Further, the
Court notes that pro se plaintiffs are not excused from following
rules of procedure.  See Local Rule LR83.13 ("*Pro se* litigants
shall abide by all local, federal, and other applicable rules
and/or statutes").  While the Court has dismissed the Complaint
for other reasons, the Court CAUTIONS Plaintiff that he must
adhere to Fed. R. Civ. P. 8(a).[3]  This Court has stated,

---

[3] Rule 8(a) states, in relevant part:

    (a)   Claim for Relief.  A Pleading that states a
        claim for relief must contain:

(continued...)

16

To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement" showing the court's jurisdiction, that the pleader is entitled to relief, and setting for a demand for relief.  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"  Id.  At a minimum, a plaintiff must detail what is claims are, when they occurred, and who is allegedly responsible.  Factual allegations are accepted as true, but legal conclusions are not.  Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007).

Alefosio v. Boyle, CIV. NO. 15-00380 LEK-BMK, 2015 WL 6134353, at *2 (D. Hawai`i Oct. 19, 2015).  The Complaint names a number of statutes, including the Admission Act, HHCA, § 1983, and various acts that Plaintiff states create a "special political

---

[3](...continued)

      (1)   a short and plaint statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

      (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and

      (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

relationship," [Complaint at 8,] but Plaintiff's specific claims are unclear.  Any amended complaint must state a clear cause of action and the source for the desired relief so that the defendants have "fair notice of what plaintiff's complaint is and the grounds upon which it rests."  See Alefosio, 2015 WL 6134353, at *2 (citation and internal quotation marks omitted).

In light of the pending motion to dismiss filed by Defendant Henry Yang, [dkt. no. 23,] Plaintiff should not file an amended complaint at this time.  After the Court has ruled on that motion, it will provide Plaintiff with deadlines and any other relevant information related to the filing of an amended complaint.

<u>CONCLUSION</u>

On the basis of the foregoing, the Governor's Motion, filed on September 9, 2015, the University's Motion, filed on September 17, 2015, and Chairperson Case's Joinder, filed on September 25, 2015, are HEREBY GRANTED.

There being no remaining claims against the State of Hawai`i, associated state agencies, the Department of Land and Natural Resources, the Board of Land and Natural Resources, the University of Hawai`i at Hilo, and the University of Hawai`i at Manoa, the Court DIRECTS the Clerk's Office to enter final judgment and close the case as to these defendants on **December 21, 2015**, unless Plaintiff files a motion for

18

reconsideration of this Order by **December 17, 2015.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 30, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

C. KAUI JOCHANA VS. STATE OF HAWAII, ET AL.; CIVIL 15-00338 LEK-BMK; ORDER: (1) GRANTING GOVERNOR DAVID IGE'S MOTION TO DISMISS COMPLAINT FILED AUGUST 24, 2015; (2) GRANTING DEFENDANT SUZANNE CASE IN HER OFFICIAL CAPACITY AS CHAIR OF THE BOARD OF LAND AND NATURAL RESOURCES JOINDER IN DEFENDANT GOVERNOR DAVID IGE'S MOTION TO DISMISS COMPLAINT FILED AUGUST 24, 2015; AND (3) GRANTING DEFENDANTS UNIVERSITY OF HAWAII AT HILO'S AND UNIVERSITY OF HAWAII AT MANOA'S MOTION TO DISMISS PLAINTIFF'S "COMPLAINT REGARDING THE THIRTY METER TELESCOPE ATOP THE SACRED VOLCANIC MOUNTAIN OF MAUNA KEA," FILED ON AUGUST 24, 2015