IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM,           )<br>                                       )<br>          Plaintiff,                  )<br>                                       )<br>     vs.                               )<br>                                       )<br>STATE OF HAWAII, OFFICE OF             )<br>THE GOVERNOR, GOVERNOR DAVID           )<br>IGE, BOARD CHAIRMAN OF TMT             )<br>OBSERVATORY CORP., CHAIRMAN            )<br>HENRY YANG, ASSOCIATED STATE           )<br>AGENCIES, BOARD OF LAND AND            )<br>NATURAL RESOURCES, STATE OF            )<br>HAWAII, DEPARTMENT OF LAND             )<br>AND NATURAL RESOURCES, STATE           )<br>OF HAWAII, SUZANNE CASE, IN            )<br>HER OFFICIAL CAPACITY AS               )<br>CHAIR OF THE BOARD OF LAND             )<br>AND NATURAL RESOURCES AND              )<br>DIRECTOR OF THE DEPARTMENT OF          )<br>LAND AND NATURAL RESOURCES,            )<br>THE UNIVERSITY OF HAWAII AT            )<br>HILO AND MANOA,                        )<br>REPRESENTATIVES OF THE                 )<br>NATIONS OF CHINA, INDIA,               )<br>JAPAN, CANADA, AND THE UNITED          )<br>STATES INVOLVED IN THE TMT             )<br>PROJECT, ALL REPRESENTATIVES           )<br>AS INDIVIDUALS AND IN THEIR            )<br>OFFICIAL CAPACITY,                     )<br>                                       )<br>          Defendants.                 )<br>_____) | CIVIL 15-00338 LEK-BMK |

**ORDER DISMISSING AS MOOT PLAINTIFF'S COMPLAINT
REGARDING THE THIRTY METER TELESCOPE ATOP THE SACRED
<u>VOLCANIC MOUNTAIN OF MAUNA KEA FILED ON AUGUST 24, 2015</u>**

Before the Court are Defendant Henry Yang's, in his

capacity as Chair of the Board of the Thirty Meter Telescope

("TMT") Observatory Corp. ("Yang"), Motion to Dismiss Plaintiff's

Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea Filed on August 24, 2015 ("Yang's Motion to Dismiss"),[1] [filed 9/23/15 (dkt. no. 23),] and pro se Plaintiff C. Kaui Jochanan Amsterdam's ("Plaintiff") Motion for Reconsideration of Order for November 30, 2015 ("Motion for Reconsideration") [filed 12/17/15 (dkt. no. 42)].  Plaintiff did not file a memorandum in opposition to Yang's Motion to Dismiss. On December 23, 2015, Defendants the University of Hawai`i at Manoa and the University of Hawai`i at Hilo ("the University") filed a memorandum in opposition to Plaintiff's Motion for Reconsideration, and the same day Defendant Governor David Ige, in his official capacity ("the Governor"), filed a joinder in the University's memorandum.  [Dkt. nos. 45, 48.]

In an entering order filed on November 17, 2015, the Court vacated the hearing on Yang's Motion to Dismiss, originally set for December 21, 2015 at 9:45 a.m.  [Dkt. no. 37.]  In an entering order filed on December 8, 2015 ("12/8/15 EO"), [dkt. no. 41,] the Court noted that the Hawai`i Supreme Court had recently vacated the permit that allowed for the TMT's construction.  See Mauna Kea Ainana Hou v. Bd. of Land & Nat. Res., No. SCAP-14-0000873, 2015 WL 7760324 (Hawai`i Dec. 2,

---

[1] Yang has not been served, and is making a special appearance to request that the Court dismiss the claims against him.  [Yang's Motion to Dismiss at 2.]

2015). The Court directed Plaintiff, Yang, the Governor, and Defendant Suzanne Case, in her official capacity as Chair of the Board of Land and Natural Resources ("Chairperson Case"), to file memoranda addressing whether or not, given the Hawai`i Supreme Court's decision in Mauna Kea, the instant case is now moot. The Governor and Chairperson Case filed their joint memorandum on December 21, 2015 ("Governor's Memorandum"), Plaintiff filed his memorandum on December 22, 2015 ("Plaintiff's Memorandum"), and Yang filed his memorandum on December 23, 2015 ("Yang's Memorandum"). [Dkt. nos. 43, 46, 44.]

The Court finds these matters suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, memoranda, and the relevant legal authority, the Court FINDS that this case is MOOT, and CONCLUDES that it must be DISMISSED. Yang's Motion to Dismiss and the Motion for Reconsideration are DENIED AS MOOT.

## BACKGROUND

On August 24, 2015, Plaintiff filed his Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea ("Complaint"). [Dkt. no. 1.] On November 30, 2015, this Court filed an Order: (1) Granting Defendant Governor David Ige's Motion to Dismiss Complaint Filed August 24,

2015; (2) Granting Defendant Suzanne Case in her Official Capacity as Chair of the Board of Land and Natural Resources Joinder in Defendant Governor David Ige's Motion to Dismiss Complaint Filed August 24, 2015; and (3) Granting Defendants University of Hawaii at Hilo and University of Hawaii at Manoa's Motion to Dismiss Plaintiff's "Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea," Filed on August 24, 2015 ("11/30/15 Order"). [Dkt. no. 39.] The 11/30/15 Order sets forth the background in this case, and the Court will only repeat the information that is relevant to the instant Order. In the 11/30/15 Order, the Court found that Plaintiff lacks standing to bring suit. Additionally, the Court ruled that: Plaintiff's claim under article XII, section 7 of the Hawai`i State Constitution; "Plaintiff's claims against the State of Hawai`i, associated state agencies, the Board of Land and Natural Resources, and the Department of Land and Natural Resources" ("the state and state agencies"); and Plaintiff's claims against the University were all barred by the Eleventh Amendment. [11/30/15 Order at 15.]

Plaintiff's Hawai`i State Constitution claim, claims against the state and state agencies, and claims against the University were dismissed with prejudice. Plaintiff's claims against the Governor and Chairperson Case were dismissed without prejudice. The Court noted that "[i]t is arguably possible that

4

Plaintiff could amend his Complaint to state a claim against the Governor and Chairperson Case over which this Court has jurisdiction." [Id. at 16.]  Because Yang's Motion to Dismiss was still pending when the Court issued the 11/30/15 Order, the Court refrained from giving Plaintiff a deadline to file an amended complaint.

In addition to Yang, the remaining defendants named in the Complaint are representatives of the nations of China, India, Japan, Canada, and the United States ("Country Representatives").

### **STANDARD**

The Ninth Circuit has stated:

> It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies. See U.S. CONST. art. III, § 2, cl. 1.  For a case to fall within the parameters of our limited judicial power, "it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing." Burke v. Barnes, 479 U.S. 361, 363, 107 S. Ct. 734, 93 L. Ed. 2d 732 (1987).  Rather, Article III requires that a live controversy persist throughout all stages of the litigation. See Steffel v. Thompson, 415 U.S. 452, 459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) ("an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed").  Where this condition is not met, the case has become moot, and its resolution is no longer within our constitutional purview. See Foster v. Carson, 347 F.3d 742 (9th Cir. 2003) ("We do not have the constitutional authority to decide moot cases.").  Because "[m]ootness is a jurisdictional issue, id. at 745, we are obliged to raise it *sua sponte*.  See Demery v. Arpaio, 378 F.3d 1020, 1025 (9th

Cir. 2004).

Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1128-29 (9th Cir. 2005) (alterations in Gator.com).

"There are, however, four major exceptions to the mootness doctrine, for (1) collateral legal consequences; (2) wrongs capable of repetition yet evading review; (3) voluntary cessation; and (4) class actions where the named party ceases to represent the class." In re Burrell, 415 F.3d 994, 998 (9th Cir. 2005) (citations omitted).

## **DISCUSSION**

In Mauna Kea, the Hawai`i Supreme Court held:

> Quite simply, the Board [of Land and Natural Resources ("Board")] put the cart before the horse when it issued the permit before the request for a contested case hearing was resolved and the hearing was held.  Accordingly, the permit cannot stand.  We therefore vacate the judgment of the circuit court and the permit issued by the Board, and remand so that a contested case hearing can be conducted before the Board or a new hearing officer, or for other proceedings consistent with this opinion.

2015 WL 7760324, at *2 (footnote omitted).

In the Complaint, Plaintiff states:

> The advancement of the TMT Project and subsequent restrictive and prohibitive treatment and arrests of Native Hawaiians by the Defendants are in violation of the State of Hawaii's responsibilities as mandated by the Hawaii Admission Act of 1959, the Constitution of the State of Hawaii, and Congressional Acts of the United States Congress.  Accordingly, the Plaintiff claims as violative of such mandated

>> obligations the actions of the Defendants in
>> advancing the TMT Project and asks the Federal
>> Court to enjoin such actions.

[Complaint at 3.]  It is clear to the Court that there is no live case or controversy in the instant matter.  Plaintiff sought to enjoin the construction of the TMT, and the Hawai`i Supreme Court vacated the permit necessary for the project's construction.

Plaintiff is proceeding pro se, and the Court must liberally construe his filings.  See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 196667, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).  Even construing it liberally, Plaintiff's Memorandum does not establish that there is a remaining case or controversy.  Plaintiff argues that this case is not moot because, *inter alia*, the Hawai`i Supreme Court "did not terminate the TMT Project" and that "the Project can still advance."  [Plaintiff's Mem. at 4.] Plaintiff admits, however, that "the permit used by the TMT Project could not stand and the Project was stopped."  [Id. at 2.]  To the extent that Plaintiff argues that this case meets one of the exceptions to the mootness doctrine, he is incorrect. Plaintiff has not alleged any secondary or collateral injury, nor has he articulated an ongoing injury that could be classified as such.  Moreover, Defendants did not voluntarily cease

construction of the TMT, and this is not a class action. Finally, this is not a wrong capable of repetition yet evading review. There is no valid permit allowing for the construction of the TMT, and, given the successful challenge in state court, it is clear that this is not an instance in which a future injury would cease to exist before it could be litigated.[2] See Madison v. Tulalip Tribes of Wash., 163 F. App'x 499, 500 (9th Cir. 2006) ("Because there is no longer a live controversy in this case, and because there will be adequate time to challenge any future permit coverage, we dismiss this case as moot.").

Plaintiff states that, since the hearing on his motion for an immediate temporary injunction, [dkt. nos. 2, 3,] where he was "encouraged by the Honorable Court," he "has been endeavoring

---

[2] In Plaintiff's Memorandum, he states that the TMT Project "violated the Constitutional Rights of the Plaintiff and other Native Hawaiians." [Plaintiff's Mem. at 3.] He also states that failure to "conduct a contested Hearing" resulted in "violating the Plaintiff's and other Native Hawaiian's Constitutional Rights." [Id.] It is unclear to the Court what constitutional claims Plaintiff is referring to. To the extent that Plaintiff asserts that his claim under article XII, section 7 of the Hawai`i State Constitution is still a live case or controversy, he is incorrect. See 11/30/15 Order at 14 (dismissing with prejudice Plaintiff's claim under article XII, section 7). Insofar as Plaintiff is referencing other constitutional claims in the Complaint, the Court notes that, aside from article XII, section 7, neither the Complaint nor Plaintiff's Memorandum specify any specific violations of the Hawai`i State Constitution or the United States Constitution. Therefore, the Court does not construe the complaint as alleging any other constitutional claims.

to advance a win-win outcome for the parties and matters involved." [Plaintiff's Mem. at 2.]  While the Court commends Plaintiff's commitment to meet with other parties and his work to find a resolution, Plaintiff's efforts do not in and of themselves create a case or controversy.

        The Court FINDS that this case is MOOT, and CONCLUDES that the remaining claims against Yang and the Country Representatives must be DISMISSED.  Yang's Motion to Dismiss[3] and

---

[3] Yang's Motion to Dismiss and his Memorandum assert that the Court does not have subject matter jurisdiction over the claims against Yang because, *inter alia*, Plaintiff does not have standing. See Mem. in Supp. of Yang's Motion to Dismiss at 9; Yang's Mem. at 4.  The Court has dismissed the entire case for other reasons and has not directly addressed whether or not Plaintiff has standing to sue Yang.  In the 11/30/15 Order, however, the Court explained:

> Even construing the Complaint liberally, it is clear to the Court that Plaintiff lacks standing to bring the instant suit.  He states that Mauna Kea is sacred, that the TMT "desecrates the sacred summit," and that restricting access to Mauna Kea violates various state and federal statutes. [Complaint at 4-5.]  Plaintiff, however, does not state that he has ever been to Mauna Kea, how often he travels there, or that he has any concrete plans to go there in the future.  Further, he states concern for debris from the TMT only because other telescopes "have left much debris scattered about like the debris left in outer space through space exploration."  [Id. at 5.]  The injuries, as set forth in the Complaint, are neither "concrete and particularized" nor "actual or imminent."  See Friends of the Earth[, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.], 528 U.S. [167,] 180 [(2000)].

(continued...)

the Motion for Reconsideration are DENIED AS MOOT.

## CONCLUSION

On the basis of the foregoing, the Court FINDS that this case is MOOT and CONCLUDES that it must be DISMISSED. Yang's Motion to Dismiss, filed on September 23, 2015, and Plaintiff's Motion for Reconsideration, filed on December 17, 2015, are HEREBY DENIED AS MOOT.

There being no remaining claims, the Court DIRECTS the Clerk's Office to enter final judgment and close this case on **February 3, 2016**, unless Plaintiff files a motion for reconsideration of this Order by **February 1, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 13, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**C. KAUI JOCHANAN AMSTERDAM VS. STATE OF HAWAII, ET AL; CIVIL 15-00338 LEK-BMK; ORDER DISMISSING AS MOOT PLAINTIFF'S COMPLAINT REGARDING THE THIRTY METER TELESCOPE ATOP THE SACRED VOLCANIC MOUNTAIN OF MAUNA KEA FILED ON AUGUST 24, 2015**

---

[3](...continued)
[11/30/15 Order at 11.] The Court notes that this reasoning likely applies equally to Plaintiff's claims against Yang.