IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
C. KAUI JOCHANAN AMSTERDAM,      )   CIVIL 15-00338 LEK-BMK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
STATE OF HAWAII, OFFICE OF       )
THE GOVERNOR, GOVERNOR DAVID     )
IGE, BOARD CHAIRMAN OF TMT       )
OBSERVATORY CORP., CHAIRMAN      )
HENRY YANG, ASSOCIATED STATE     )
AGENCIES, BOARD OF LAND AND      )
NATURAL RESOURCES, STATE OF      )
HAWAII, DEPARTMENT OF LAND       )
AND NATURAL RESOURCES, STATE     )
OF HAWAII, SUZANNE CASE, IN      )
HER OFFICIAL CAPACITY AS         )
CHAIR OF THE BOARD OF LAND       )
AND NATURAL RESOURCES AND        )
DIRECTOR OF THE DEPARTMENT OF    )
LAND AND NATURAL RESOURCES,      )
THE UNIVERSITY OF HAWAII AT      )
HILO AND MANOA,                  )
REPRESENTATIVES OF THE           )
NATIONS OF CHINA, INDIA,         )
JAPAN, CANADA, AND THE UNITED    )
STATES INVOLVED IN THE TMT       )
PROJECT, ALL REPRESENTATIVES     )
AS INDIVIDUALS AND IN THEIR      )
OFFICIAL CAPACITY,               )
                                 )
          Defendants.            )
_____)
```

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE</u>**

Before the Court is pro se Plaintiff C. Kaui Jochanan Amsterdam's ("Plaintiff") Motion for Continuance, filed on February 1, 2016 ("2/1/16 Motion"). [Dkt. no. 50.] The Court did not require any further briefing on the 2/1/16 Motion. The Court finds this matter suitable for disposition without a

hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the 2/1/16 Motion, the supporting memorandum, and the relevant legal authority, the 2/1/16 Motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

The background of this case is well known to the parties, and the Court repeats only the facts relevant to the instant matter.  On August 24, 2015, Plaintiff filed his Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea ("Complaint").  [Dkt. no. 1.] Thereafter:  on September 9, 2015, Defendant Governor David Ige, in his official capacity ("the Governor"), filed a Motion to Dismiss Complaint Filed August 24, 2015 ("the Governor's Motion"); [dkt. no. 15;] on September 17, 2015, Defendants University of Hawai`i at Hilo and University of Hawai`i at Manoa (collectively "the University") filed a Motion to Dismiss Plaintiff's "Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea," Filed on August 24, 2015 ("the University's Motion"); [dkt. no. 18;] and on September 25, 2015, Defendant Suzanne Case, in her official capacity as Chair of the Board of Land and Natural Resources ("Chairperson Case"), filed a joinder in the Governor's Motion

("Joinder") [dkt. no. 29]. On November 30, 2015, the Court issued its order: (1) Granting Defendant Governor David Ige's Motion to Dismiss Complaint Filed August 24, 2015; (2) Granting Defendant Suzanne Case in her Official Capacity as Chair of the Board of Land and Natural Resources Joinder in Defendant Governor David Ige's Motion to Dismiss Complaint Filed August 24, 2015; and (3) Granting Defendants University of Hawaii at Hilo and University of Hawaii at Manoa's Motion to Dismiss Plaintiff's "Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea," Filed on August 24, 2015 ("11/30/15 Order"). [Dkt. no. 39.]

In the 11/30/15 Order, the Court found that Plaintiff lacks standing to bring suit. Additionally, the Court ruled that the following claims were all barred by the Eleventh Amendment: Plaintiff's claim under article XII, section 7 of the Hawai`i State Constitution; "Plaintiff's claims against the State of Hawai`i, associated state agencies, the Board of Land and Natural Resources, and the Department of Land and Natural Resources [("DLNR")]"; and Plaintiff's claims against the University. [11/30/15 Order at 15.] The Court dismissed all of those claims with prejudice.

On September 23, 2015, Defendant Henry Yang, in his capacity as Chair of the Board of the Thirty Meter Telescope ("TMT") Observatory Corp. ("Yang"), filed a Motion to Dismiss

3

Plaintiff's Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea Filed on August 24, 2015 ("Yang's Motion to Dismiss").[1]  [Dkt. no. 23.]  On December 17, 2015, Plaintiff filed a Motion for Reconsideration of Order for November 30, 2015 ("11/30/15 Motion for Reconsideration").  [Dkt. no. 42.]

In an entering order filed on December 8, 2015 ("12/8/15 EO"), [dkt. no. 41,] the Court directed Plaintiff, Yang, the Governor, and Chairperson Case to file memoranda addressing whether or not the case was moot given the Hawai`i Supreme Court's decision in Mauna Kea Ainana Hou v. Bd. of Land & Nat. Res., No. SCAP-14-0000873, 2015 WL 7760324 (Hawai`i Dec. 2, 2015).  The Governor and Chairperson Case filed their joint memorandum on December 21, 2015 ("Governor's Memorandum"), Plaintiff filed his memorandum on December 22, 2015 ("Plaintiff's Memorandum"), and Yang filed his memorandum on December 23, 2015 ("Yang's Memorandum").  [Dkt. nos. 43, 46, 44.]  Finally, on January 13, 2016, the Court issued its Order Dismissing as Moot Plaintiff's Complaint Regarding the Thirty Meter Telescope Atop the Sacred Volcanic Mountain of Mauna Kea filed on August 24, 2015 ("1/13/16 Order"), [dkt. no. 49,] wherein the Court found that, in light of Mauna Kea, the Complaint was moot.  [1/13/16

---

[1] Yang had not been served, and made a special appearance to request that the Court dismiss the claims against him.  [Yang's Motion to Dismiss at 2.]

Order at 9.] The Court also denied as moot the 11/30/15 Motion for Reconsideration and Yang's Motion to Dismiss.[2] [Id.]

## STANDARD

While on its face the 2/1/16 Motion appears to request a continuance, the Court notes that there is nothing to continue in this case. Further, the 2/1/16 Motion argues, *inter alia*, that Plaintiff has "new information," [2/1/16 Motion at 2,[3]] and that the Court overlooked an exception to the mootness doctrine [Mem. in Supp. of 2/1/16 Motion at 3]. Plaintiff is proceeding pro se, and the Court must liberally construe his filings. See,

---

[2] In the 2/1/16 Motion, Plaintiff claims for the first time that he "does not recall having received and cannot find" Yang's Motion to Dismiss, and "asks for a Continuance until March 1, 2016, which would provide sufficient time for Assessment, Discovery, and Review of Henry Yang's Motion." [Mem. in Supp. of 2/1/16 Motion at 2.] The Court notes that Yang's Motion to Dismiss was filed on September 23, 2015, and it indicates that a copy was sent to Plaintiff via the United States Postal Service and email. [2/1/16 Motion, Certificate of Service.] In addition, the Court has issued a number of entering orders regarding Yang's Motion to Dismiss, including, *inter alia*, an entering order vacating the hearing on Yang's Motion to Dismiss, originally scheduled for December 21, 2015. [Filed 11/17/15 (dkt. no. 37).] These orders were all served on Plaintiff. It is clear from the record that Plaintiff had notice of Yang's Motion to Dismiss. Moreover, the Court did not address the arguments in Yang's Motion to Dismiss, but instead denied it as moot because there is no live case or controversy in the instant matter given the Hawai`i Supreme Court's decision in Mauna Kea. Any time for "[a]ssessment, [d]iscovery, and [r]eview" therefore would be futile. See Mem. in Supp. of 2/1/16 Motion at 2.

[3] The 2/1/16 Motion is not consecutively paginated, and the Court refers to the page numbers assigned by the district court's electronic case filing system.

e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 196667, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))). Given the arguments Plaintiff makes in the 2/1/16 Motion and the fact that it was filed on February 1, 2016 – the deadline that the Court gave Plaintiff for filing a motion for reconsideration on the 1/13/16 Order – the Court CONSTRUES the 2/1/16 Motion as a motion for reconsideration.

Motions for reconsideration are governed by Local Rule 60.1, which states, in relevant part:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed. . . .

This Court has stated that,

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that

6

> reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F. 3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (citation omitted).

### **DISCUSSION**

The 2/1/16 Motion does not state any ground upon which the Court may grant reconsideration. Plaintiff states that he is "citing CR 54 presenting new information as exemplified with the Ruling made by the Hawai`i Supreme Court with its Impact also on this Case and important information being received by the Plaintiff from parties involved in important matters of the Case." [2/1/16 Motion at 2.] The Court notes that CR 54 does not appear to reference a relevant rule in either the Federal Rules of Civil Procedure or the Local Rules. In addition, insofar as Plaintiff states that Mauna Kea constitutes an intervening change in law, that argument is unavailing. Mauna Kea was decided prior to the Court's 1/13/16 Order, the Court closely considered the Hawai`i Supreme Court's decision, and the Court concluded that this case was moot. See 1/13/16 Order at 7 ("It is clear to the Court that there is no live case or controversy in the instant matter. Plaintiff sought to enjoin

7

the construction of the TMT, and the Hawai`i Supreme Court vacated the permit necessary for the project's construction.").

Plaintiff also references alleged violations of his constitutional rights that he states were previously discussed in his 11/30/15 Motion for Reconsideration, and that "include his Right to speak freely at the Hearing and exercise his Free Speech as protected by the First Amendment of the U.S. Constitution, his Right to Due Process as provided for by the Fifth Amendment of the U.S. Constitution, and his Right to Equal Protection as provided for by the Fourteenth Amendment of the U.S. Constitution." [Mem. in Supp. of 2/1/16 Motion at 4.] The Court, however, has already addressed Plaintiff's allegations of constitutional violations:

> Insofar as Plaintiff is referencing other constitutional claims in the Complaint, the Court notes that, aside from article XII, section 7, neither the Complaint nor Plaintiff's Memorandum specify any specific violations of the Hawai`i State Constitution or the United States Constitution.  Therefore, the Court does not construe the complaint as alleging any other constitutional claims.

[1/13/16 Order at 8 n.2.]  Plaintiff provides neither new evidence to support his constitutional claims nor any argument as to why the Court's previous ruling was incorrect.[4]

---

[4] In the 2/1/16 Motion, Plaintiff states that he attempted to submit an amended complaint to the Court, "but was directed that it was premature to do so and, accordingly, was requested not to do so; whereby, he followed the request." [Mem. in Supp.
(continued...)

Next, Plaintiff asserts that the Court misapplied the mootness doctrine, specifically the exception for wrongs capable of repetition yet evading review.  Plaintiff states that "[a]ctivist Native Hawaiians/Kanaka Maoli/Protectors have vowed to block the advancement of the TMT Project with our without a favorable DLNR Ruling regarding the TMT Project.  Therefore, approval of a permit for the Project will not void future injury, but rather perpetuate injury to the native Hawaiian People." [Mem. in Supp. of 2/1/16 Motion at 3.]  Like Plaintiff's constitutional claims, the Court has already considered and rejected this argument.  See 1/13/16 Order at 8 ("Finally, this is not a wrong capable of repetition yet evading review.  There is no valid permit allowing for the construction of the TMT, and, given the successful challenge in state court, it is clear that this is not an instance in which a future injury would cease to exist before it could be litigated." (footnote and citation omitted)).  Plaintiff provides neither new evidence nor any legal authority that convinces the Court that it misapplied the law.

Finally, as he has done in past filings, Plaintiff references discussions that he states are ongoing between the interested parties in this case, including "[t]he diplomatic, mutual negotiated approach presently being used by the Plaintiff

---

[4](...continued)
of 2/1/16 Motion at 2-3.]  The record does not provide any evidence of Plaintiff's efforts to file an amended complaint.

9

provides results and resolves the wrongs capable of repetition and evading review in the past and present confrontation judicial approach being used." [Mem. in Supp. of 2/1/16 Motion at 3.] Moreover, Plaintiff "humbly asks consideration for a Continuance until March 1, 2016 to have time for Assessment, Review, and Discovery and to complete the important diplomatic and legal process presently advancing among the parties." [Id. at 5.] As this Court has stated in earlier filings in this case, Plaintiff is to be commended for his efforts to reach a amicable resolution of the instant matter, but these "efforts do not in and of themselves create a case or controversy." [1/13/16 Order at 9.]

The Court FINDS that Plaintiff has provided no grounds for reconsideration of the 1/13/16 Order, and the 2/1/16 Motion is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Continuance, filed February 1, 2016, is HEREBY DENIED. The Court DIRECTS the Clerk's Office to enter final judgment and close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 19, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**C. KAUI JOCHANAN AMSTERDAM VS. STATE OF HAWAII, ET AL; CIVIL 15-00338 LEK; ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE**